ON REHEARING
JONES, Justice.
Appellant filed an application for rehearing which reached the Clerk’s office one day after the time required for such filing under ARAR 40. The appellant mailed his brief on the final day, but did not use certified or registered mail as required by ARAP 25(a). Since this is the first instance of such inadvertence and since the ARAP have been so recently adopted, we grant the appellant’s motion for permission to file the application for rehearing.
We have numerous times invoked Rule 2 (waiver of the rules) so as not to work an injustice during the period immediately following the effective date of the new Rules of Appellate Procedure. The Bar should be on notice, however, that, with the passage of time, the Court will invoke Rule 2 with less frequency and require strict compliance with those rules prescribing time limitations for the initiation of certain actions.
On the merits of the application, the appellant points out testimony in the record which contradicts testimony in favor of the trial Court’s findings. We are aware that the record is fraught with irreconcilable conflicts and that the trial Judge necessarily had to believe one party' and disbelieve the other. However, this is the function of the trier of fact. On appeal, this Court will not re-evaluate those facts unless we are persuaded that the findings were not based upon competent evidence or that they were plainly and palpably wrong or manifestly unjust.
We are not so convinced in this case. The application for rehearing is overruled.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
• HEFLIN, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.